# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br><br> MATCH GROUP, INC., AMANDA W. GINSBERG, and GARY SWIDLER, <br><br> Defendants. | Civil Action No. 3:19-CV-2356 <br><br> **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs hereby request the Court to take judicial notice of the following documents in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss: (1) a May 17, 2021 *ProPublica/Columbia Journalism Investigations* article entitled "Addressing Rape in Four Minutes or Less: Dating App Reps Left Unprepared to Respond to Assault Victims" ("*ProPublica/Columbia Journalism Investigations* Article"); and (2) a list of statements made by Match Group, Inc. ("Match" or the "Company") to *ProPublica/Columbia Journalism Investigations* as part of the article when the Company was asked for comment ("List of Match Statements"). These documents are attached as Exhibits A and B respectively to the Declaration of Ex Kano S. Sams II in Support of Plaintiffs' Request for Judicial Notice ("Sams Decl.").

## I. STANDARD FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Additionally, Rule 201(c)(2) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." The documents for which Plaintiffs seek judicial notice satisfy this standard.

## II. PLAINTIFFS SUBMIT MATERIALS THAT ARE PROPER SUBJECTS FOR JUDICIAL NOTICE

### A. The *ProPublica/Columbia Journalisms* Article is a Proper Subject for Judicial Notice

In ruling on a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Federal Procedure, a court may consider documents outside of the pleadings if: (1) the documents are incorporated into the complaint by reference and are matters of which a court may take judicial

notice (*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); (2) the documents are attached to a complaint as an exhibit and are considered part of the complaint (*Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)); (3) the documents are submitted in connection with a motion to dismiss and are central to the claims alleged (*Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010); *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)); and (4) the documents constitute matters of public record (*Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Texas Health & Hum. Servs. Comm'n v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016)).[1]

The *ProPublica/Columbia Journalism Investigations* Article is a proper subject of judicial notice because it is central to the claims alleged and constitutes a matter of public record. The *ProPublica/Columbia Journalism Investigations* Article, which was published on May 17, 2021, is a follow-up article to the December 2, 2019 *ProPublica* article referenced in Plaintiffs' Complaint. ¶104(c). The May 17, 2021 *ProPublica/Columbia Journalism Investigations* Article contains new revelations based on subsequent investigative journalism, including new employee interviews and a new review of Company documents. Indeed, the *ProPublica/Columbia Journalism Investigations* Article both: (1) corroborates the allegations in the Complaint; and (2) constitutes further grounds for both denying dismissal and granting further amendment if necessary. Accordingly, because the *ProPublica/Columbia Journalism Investigations* Article is central to the claims alleged and constitutes a matter of public record, the Court may properly take

---

[1] Unless otherwise indicated, all emphasis is added, all quotations and internal citations are omitted, and all paragraph references ("¶") are to Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or ("SAC").

judicial notice. *Sullivan*, 600 F.3d at 546; *Scanlan*, 343 F.3d at 536; *Cinel*, 15 F.3d at 1343 n.6; *Funk*, 631 F.3d at 783.

**B.      The List of Match Statements is a Proper Subject of Judicial Notice**

The same principle is true for the List of Match Statements, which is a list of Company statements made to *ProPublica/Columbia Journalism Investigations* as part of the May 17, 2021 *ProPublica/Columbia Journalism Investigations* Article when Match was asked for comment. These statements represent official Company statements made to journalists seeking information regarding issues alleged in the Complaint. Because this document is also central to the claims alleged and constitutes a matter of public record, the Court may properly take judicial notice. *Sullivan*, 600 F.3d at 546; *Scanlan*, 343 F.3d at 536; *Cinel*, 15 F.3d at 1343 n.6.

## III.    CONCLUSION

For the forgoing reasons, the Court should grant Plaintiffs' request for judicial notice.

Dated: June 21, 2021                                      Respectfully submitted,

                                                          */s/ Ex Kano S. Sams II*

                                                          **GLANCY PRONGAY & MURRAY LLP**
                                                          Ex Kano S. Sams II (admitted *pro hac vice*)
                                                          Charles H. Linehan
                                                          1925 Century Park East, Suite 2100
                                                          Los Angeles, CA 90067
                                                          Telephone: (310) 201-9150
                                                          Facsimile: (310) 201-9160
                                                          Email: esams@glancylaw.com
                                                          Email: clinehan@glancylaw.com

                                                          *Counsel for Phillip R. Crutchfield and*
                                                          *Co-Lead Counsel for the Class*

3

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Matthew L. Tuccillo (admitted *pro hac vice*)
Jennifer B. Sobers (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mltuccillo@pomlaw.com
Email: jbsobers@pomlaw.com

*Counsel for Samir Ali Cherif Benouis and*
*Co-Lead Counsel for the Class*

Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Local Counsel for the Class*

4