**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>vs.<br><br><br>MATCH GROUP, INC., AMANDA W. GINSBERG, and GARY SWIDLER,<br><br>          Defendants. | Civil Action No. 3:19-CV-2356<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' INTRODUCTION OF EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs hereby object to the introduction of the exhibits attached to Defendants' Appendix of Exhibits in Support of Defendants' Motion to Dismiss ("Appendix") (Doc. 55). Through their Appendix, Defendants seek to introduce the following documents: (1) a purported redline of Plaintiffs' Second Amended Complaint to Plaintiffs' First Amended Complaint; (2) a video interview of Defendant Amanda W. Ginsberg for the *Wall Street Journal*; and (3) an article published by the *Wall Street Journal* on or about December 21, 2018 entitled "The CEO Behind Tinder, OkCupid on the Future of Online Dating." For the reasons below, the Court should not consider these materials in evaluating the propriety of Defendants' Motion to Dismiss.

## I. DEFENDANTS DID NOT SEEK JUDICIAL NOTICE OF THE DOCUMENTS THEY SEEK TO INTRODUCE

The Court should not consider the documents submitted with Defendants' Appendix because Defendants did not seek judicial notice of the documents they seek to introduce. Rule 201(b) of the Federal Rules of Evidence provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Additionally, Rule 201(c)(2) provides that a court may judicially notice documents "if a party requests it and the court is supplied with the necessary information." Here, Defendants have not sought judicial notice of the documents they seek to introduce. Accordingly, the Court should not consider these exhibits.

## II. DEFENDANTS IMPROPERLY SEEK THE INTRODUCTION EXHIBITS AS PURPORTED EVIDENCE THAT THEY DID NOT COMMIT SECURITIES FRAUD

Additionally, Defendants' attempt to introduce the exhibits attached to their Appendix is improper because Defendants seek to use them as purported evidence they did not commit securities fraud. Courts routinely refuse to take judicial notice of documents for such a purpose.

*See In re Dura Pharms, Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1028 n.3 (S.D. Cal. 2006) (declining to consider documents as evidence that defendants did not commit a securities violation); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (refusing to consider documents where "Defendants offer the documents as evidence that Defendants did not commit securities violation").  The Court should decline to consider these exhibits for this reason as well.

## III. THE COURT SHOULD NOT CONSIDER DEFENDANTS' EXHIBITS TO THE EXTENT THEY DO NOT ACCURATELY REFLECT THE INFORMATION THEY PURPORT TO REPRESENT

Finally, the Court should also refuse to consider the exhibits submitted with Defendants' Appendix to the extent that the exhibits do not accurately reflect the information they purport to represent.  For instance, Defendants seek to introduce a purported redline of Plaintiffs' Second Amended Complaint to Plaintiffs' First Amended Complaint.  Doc. 55, Exhibit A.  Because of the convoluted nature of the exhibit, however, Plaintiffs cannot confirm that it accurately reflects the changes made between Plaintiffs' First Amended Complaint and Plaintiffs' Second Amended Complaint.  To the extent that the exhibit does not accurately reflect such changes, Plaintiffs object to the introduction of this exhibit.  For the same reason, Plaintiffs also object to the introduction of Exhibits B and C of Defendants' Appendix to the extent that they do not accurately reflect their purported contents.  *See, e.g.*, *Ambler v. Williamson Cty., Texas*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *4 (W.D. Tex. Feb. 25, 2021) ("For purposes of a motion to dismiss . . . matters of public record do not include all documents which *may* be accessible to the public.") (italics in original).

## IV. CONCLUSION

For the foregoing reasons, the Court should not consider the exhibits attached to Defendants' Appendix in evaluating the propriety of Defendants' Motion to Dismiss.

Dated: June 21, 2021

Respectfully submitted,

*/s/ Ex Kano S. Sams II*

**GLANCY PRONGAY & MURRAY LLP**
Ex Kano S. Sams II (admitted *pro hac vice*)
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: esams@glancylaw.com
Email: clinehan@glancylaw.com

*Counsel for Phillip R. Crutchfield and*
*Co-Lead Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Matthew L. Tuccillo (admitted *pro hac vice*)
Jennifer B. Sobers (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mltuccillo@pomlaw.com
Email: jbsobers@pomlaw.com

*Counsel for Samir Ali Cherif Benouis and*
*Co-Lead Counsel for the Class*

Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Local Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on this day, June 21, 2021, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

_/s/ Ex Kano S. Sams II_
Ex Kano S. Sams II