## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and On Behalf of All Others Similarly Situated, | §§§§ | |
| Plaintiff, | §§ | |
| v. | §§ | Civil Action No. 3:19-cv-2356 |
| MATCH GROUP, INC., AMANDA W. GINSBERG AND GARY SWIDLER, | §§§§ | |
| Defendants. | §§§ | |

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF EXHIBITS A, B, AND C

Defendants Match Group, Inc. ("Match Group"), Amanda W. Ginsberg and Gary Swidler ("Defendants") respectfully request that the Court take judicial notice of Exhibits A, B and C, which were filed with Defendants' Appendix of Exhibits in Support of Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 55) and supported by the Declaration of Peter A. Stokes (*id.* App. 4-5), for the limited purposes stated herein.

As reflected in the Declaration, Exhibit A is a redline showing the "new" allegations in Plaintiffs' Second Amended Complaint. Defendants request that the Court take judicial notice of Exhibit A solely for the limited and proper purpose of showing the changes in Plaintiffs' Second Amended Complaint as compared to Plaintiffs' previous Complaint.

Exhibit B is a copy of a video interview of Defendant Ginsberg referenced in Paragraphs 6 and 102 of the Second Amended Complaint ("SAC"), with a link to the video. Exhibit C is a copy of the December 21, 2018 *Wall Street Journal* article referenced in Paragraph 104 of the SAC. Defendants request that the Court judicially notice these exhibits for the limited and proper

purpose of showing the full set of public statements in the *Wall Street Journal* video and article relied upon in the amended pleading.

Defendants are not seeking judicial notice of the underlying facts asserted in any of the exhibits, but simply to show the contents of the edits to Plaintiffs' pleadings and to show all of the statements by Ginsberg that were shown in the video and recited in the article.

### ARGUMENT

Rule 201(b) of the Federal Rules of Evidence allows judicial notice of facts and documents not susceptible to reasonable dispute. Plaintiffs have made no specific objection that the exhibits are inaccurate. While Plaintiffs generically object "to the extent the exhibits do not accurately reflect the information they purport to represent" (ECF No. 59 at 2), Plaintiffs do not actually assert that the exhibits do not in fact "reflect the information they purport to represent," even though Plaintiffs are ideally situated to raise such an objection. Exhibit A is simply a computer-generated redline comparison of Plaintiffs' own pleadings. It is offered solely as a demonstrative with the intent of helping the Court identify what is new and what was unchanged from Plaintiff's prior pleading. Exhibits B and C contain a video[1] and article that Plaintiffs themselves expressly relied on in drafting the Second Amended Complaint. Despite Plaintiffs' familiarity with their contents, Plaintiffs tellingly have raised no specific objection to the accuracy of these exhibits and have identified no reasonable dispute over their accuracy.

For the reasons stated in Defendants' Response to Plaintiffs' Objection to Defendants' Introduction of Evidence in Support of Motion to Dismiss, Defendants do not believe it is

---

[1] Plaintiffs also have not asserted that they were unable to view the video through the embedded file and link provided with Exhibit B. Defendants rechecked the file and link on the ECF site and were able to access the video. If the Court is unable to do so, however, Defendants would be happy to provide an alternative copy.

necessary to take formal judicial notice of these documents for them to be considered (or that a formal request for judicial notice is necessary).  Again, Exhibit A is relied on solely as a demonstrative.  With respect to Exhibits B and C, it is well-settled that district courts may consider "'the full text of documents partially quoted in the complaint'" in deciding a Rule 12 motion to dismiss.  *Callinan v. Lexicon Pharms., Inc.*, 479 F. Supp. 3d 379, 399 (S.D. Tex. 2020) (quoting *Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009), *aff'd*, 389 F. App'x 354) (5th Cir. 2010)).  These exhibits are also plainly "central" to Plaintiffs' claims, as a significant portion of Plaintiffs' purportedly "new" allegations pertain to the statements contained in the exhibits.  *See Crutchfield v. Match Group, Inc.*, - F. Supp. 3d -, 2021 WL 1167578, at \*10 (N.D. Tex. Mar. 26, 2021) (recognizing that a district court may consider documents attached to a motion to dismiss that are referred to in the complaint and are central to plaintiffs' claims).  The "incorporation by reference" doctrine and the principle that courts may consider the full context of statements made in a challenged article or press release are not dependent on whether a formal request for judicial notice has been made or granted.

Nonetheless, in light of Plaintiffs' assertion that such a request is required, Defendants hereby respectfully request that the exhibits be judicially noticed for the limited purposes stated above.  Plaintiffs cannot claim any prejudice from the timing of this request, as the exhibits were furnished with Defendants' motion to dismiss (and, in any event, reflect documents and a video with which Plaintiffs are plainly familiar).

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A, B, and C for the limited purposes set forth herein.

Dated: June 26, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ *Peter A. Stokes*

Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that I communicated with Plaintiffs' counsel on June 22, 2021 regarding the relief requested in this motion. Plaintiffs' counsel indicated that Plaintiffs do not consent to this motion and will continue to rely on their previously-asserted objections.

/s/ *Peter A. Stokes*

Peter A. Stokes

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on June 26, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*

Peter A. Stokes

{00272567;1 }

- 3 -