**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:19-cv-2356 |
| MATCH GROUP, INC., AMANDA W. GINSBERG AND GARY SWIDLER, | § § § | |
| Defendants. | § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANTS'
INTRODUCTION OF EXHIBITS IN SUPPORT OF MOTION TO DISMISS**

Defendants Match Group, Inc. ("Match Group"), Amanda W. Ginsberg and Gary Swidler ("Defendants") respectfully oppose Plaintiffs' objection (ECF No. 59), which pertains only to Exhibits A, B, and C filed with Defendants' Appendix of Exhibits in Support of Defendants' Motion to Dismiss Second Amended Complaint ("SAC") (ECF No. 55) and supported by the Declaration of Peter A. Stokes (the "Declaration") (*id.* App. 4-5). Plaintiffs do not appear to have objected to the exhibits filed in connection with Defendants' motion to dismiss the previous complaint, which Defendants have also relied upon in their motion to dismiss the SAC.

As reflected in the Declaration, Exhibit A is a redline of Plaintiffs' Second Amended Complaint against the prior complaint to show the "new" allegations in the current pleading. Exhibit B is a copy of a video interview of Defendant Ginsberg referenced in Paragraphs 6 and 102 of the Second Amended Complaint ("SAC"), with a link to the video. Exhibit C is a copy of the December 21, 2018 *Wall Street Journal* article referenced in Paragraph 104 of the SAC.

Plaintiffs' objections are without merit. Notably, while Plaintiffs generically object "to the extent the exhibits do not accurately reflect the information they purport to represent" (ECF No. 59 at 2), Plaintiffs do not actually assert that the exhibits do not in fact "reflect the information they purport to represent," even though Plaintiffs are ideally situated to raise such an objection. Plaintiffs also do not contend the documents were insufficiently authenticated by the Declaration. Exhibit A is simply a computer-generated redline comparison of Plaintiffs' own pleadings. Exhibits B and C contain a video[1] and article that Plaintiffs themselves expressly relied on in drafting the SAC. Despite Plaintiffs' familiarity with their contents, Plaintiffs tellingly have raised no specific objection to the accuracy of these exhibits.

Plaintiffs' assertions that Defendants were required to make a formal request for judicial notice, and that Defendants are improperly relying on the exhibits to show "that they did not commit securities fraud," are without merit. Again, Exhibit A is simply a demonstrative exhibit showing the changes in Plaintiffs' own filings. With respect to Exhibits B and C, it is well-settled that district courts may consider "'the full text of documents partially quoted in the complaint'" in deciding a Rule 12 motion to dismiss. *Callinan v. Lexicon Pharms., Inc.*, 479 F. Supp. 3d 379, 399 (S.D. Tex. 2020) (quoting *Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009), *aff'd*, 389 F. App'x 354) (5th Cir. 2010)). These exhibits are also plainly "central" to Plaintiffs' claims, as a significant portion of Plaintiffs' purportedly "new" allegations pertain to the statements contained in the video and article. *See Crutchfield v. Match Group, Inc.*, - F. Supp. 3d -, 2021 WL 1167578, at *10 (N.D. Tex. Mar. 26, 2021) (recognizing that a district court may

---

[1] Plaintiffs also have not asserted that they were unable to view the video through the embedded file and link provided with Exhibit B. Defendants rechecked the file and link on the ECF site and were able to access the video. If the Court is unable to do so, however, Defendants would be happy to provide an alternative copy.

consider documents attached to a motion to dismiss that are referred to in the complaint and are central to plaintiffs' claims).  Plaintiffs cite no authority requiring Defendants to make a formal request for judicial notice to have such documents considered on a motion to dismiss, or requiring the Court to make a formal determination that the exhibits are judicially noticeable.  Such exhibits are deemed incorporated by reference into the SAC based on Plaintiffs' own overt reliance on them as the basis for their claims and based on the principle that the Court may consider full versions of public statements cited in the pleadings, regardless of whether such documents are otherwise judicially noticeable or whether judicial notice is formally requested or taken.

Further, to the extent judicial notice is required, Rule 201(b) of the Federal Rules of Evidence simply states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The text of the rule does not require a formal request or motion from a party for the Court to take judicial notice of documents filed with a declaration in support of a motion to dismiss. Instead, Rule 201(e) provides that the party *opposing* judicial notice may be heard "[o]n timely request," but does not require a formal request from the party supporting judicial notice.  Plaintiffs have cited no authority for their argument that a district court cannot take judicial notice of an exhibit, fact, or document absent an express formal request from a party to take judicial notice.

Regardless, to the extent judicial notice is necessary for the new exhibits to be considered, and to the extent a formal request for judicial notice is required, Defendants have now requested that the Court take judicial notice of the exhibits solely for the limited and permissible purpose of showing (with respect to Exhibit A) the differences between Plaintiffs current and prior pleadings and (with respect to Exhibits B and C) the full set of statements by Defendant Ginsberg shown in

the *Wall Street Journal* video and quoted in the article relied upon in the Second Amended Complaint. (*See* ECF No. 60.) Plaintiffs again have not specifically disputed the accuracy of the exhibits, which were supported by the Declaration.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Court should overrule Plaintiffs' objections to Exhibits A, B, and C, and should grant Defendants all further relief to which they are justly entitled.

Dated: June 26, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ *Peter A. Stokes*
Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on June 26, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*
Peter A. Stokes