# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and on Behalf of All Others Similarly Situated | § § § § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2356-S |
| MATCH GROUP, INC., AMANDA W. GINSBERG, and GARY SWIDLER | § § § | |

## ORDER

This Order addresses Defendants' Motion to Dismiss Second Amended Complaint ("Motion to Dismiss") [ECF No. 54]. The Court has reviewed Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Second Amended Complaint") [ECF No. 51], the Motion to Dismiss and its accompanying exhibits [ECF No. 55], Plaintiffs' Opposition to Defendants' Motion to Dismiss [ECF No. 58], and Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint [ECF No. 62].

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Because the Second Amended Complaint alleges securities fraud, Plaintiffs must also "state with particularity the circumstances constituting fraud," FED. R. CIV. P. 9(b), and must comply with the strictures imposed by the Private Securities Litigation Reform Act ("PSLRA"), *see* 15 U.S.C. § 78u-4(b). "The PSLRA has raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Neiman v. Bulmahn*, 854 F.3d 741, 746

(5th Cir. 2017) (quoting *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016)). "First, the plaintiff must specify each statement alleged to have been misleading." *Id.* (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(1). "Second, for each act or omission alleged to be false or misleading, plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Neiman*, 854 F.3d at 746 (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(2)(A).

The Court has carefully scrutinized all 164 pages of the Second Amended Complaint, which contain extensive allegations addressing pleading deficiencies identified in the Court's Memorandum Opinion and Order [ECF No. 50]. Applying the standards of *Twombly* and *Iqbal*, as well as the PSLRA's heightened particularity requirement, the Court finds that Plaintiffs have adequately specified at least some allegedly misleading statements or omissions. The Court further finds that though Plaintiffs have pleaded the requisite inference of scienter for surviving a motion to dismiss, the Court anticipates that it will revisit this issue at a later phase in the litigation after discovery takes place.

Accordingly, dismissal is not warranted at this time and the Court **DENIES** the Defendants' Motion to Dismiss Second Amended Complaint.

**SO ORDERED.**

SIGNED November 19, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**