**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-2356 |
| | § | |
| MATCH GROUP, INC., AMANDA W. GINSBERG AND GARY SWIDLER, | § § § | |
| | § | |
| Defendants. | § | |
| | § | |

**<u>DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>**

- 1 -

Defendants Match Group, Inc. ("Match Group"), Amanda W. Ginsberg ("Ginsberg"), and Gary Swidler ("Swidler") (collectively, "Defendants") answer Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") as set forth below. Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Complaint. Each numbered paragraph below is directed at the corresponding numbered paragraph in the Complaint. A statement that Defendants admit or deny the allegations in "this paragraph" means that Defendants admit or deny the allegations in the corresponding numbered paragraph of the Complaint, including the allegations in any subparts or bullet points contained within or below that paragraph. All allegations not expressly admitted herein, including those contained in the headings and in non-numbered paragraphs, are denied.[1] Defendants also deny the allegations set forth in the introductory paragraph of the Complaint.

### RESPONSES TO "NATURE OF THE ACTION" ALLEGATIONS

1. Defendants admit that Plaintiffs seek to represent a putative class of persons and entities that acquired Match Group securities on U.S. Exchanges or in U.S. transactions between November 6, 2018, and January 31, 2020, both dates inclusive, and that Plaintiffs purport to assert claims under the Securities Exchange Act of 1934. Defendants deny that a class is properly certified or that Plaintiffs' claims are meritorious. To the extent any further response is necessary, Defendants deny the remaining allegations in this paragraph.

2. Defendants deny that Match Group "operates" websites and applications. Match Group is a holding company. The websites and applications referenced in this paragraph are operated by Match Group subsidiaries, not by Match Group itself. Defendants further admit that

---

[1] Certain headings from the Complaint are copied in this Answer solely for sake of convenience and are not to be construed as an admission to the substance of the headings. To the extent any further response is required, Defendants expressly deny all allegations contained in the headings.

Match Group receives a portion of its revenues through payments by subscribers, and that certain metrics are reported to analysts and investors. To the extent any further response is necessary, Defendants deny the remaining allegations in this paragraph.

3. Defendants deny the allegations in this paragraph.

4. Defendants deny the allegations in this paragraph.

5. Defendants admit that the Federal Trade Commission filed a complaint (the "FTC" Complaint") that made allegations regarding Match.com. The FTC Complaint speaks for itself. Defendants deny that the FTC's claims are meritorious and otherwise deny the allegations in this paragraph.

6. Defendants admit that this paragraph references a *Wall Street Journal* video interview with Ginsberg and an article relating to the video. Defendants further admit that this paragraph references a February 7, 2019 CNBC video interview of Ginsberg, a May 8, 2019 Yahoo! Finance interview of Swidler, a July/August 2019 article in the Harvard Business Review, and a September 25, 2019 Match Group press release. The videos and articles speak for themselves. Defendants deny the allegations in this paragraph to the extent they misquote or mischaracterize the contents of the referenced videos or articles and deny that any material misstatements were made. To the extent any further response is necessary, Defendants deny the remaining allegations in this paragraph.

7. Defendants deny the allegations in this paragraph.

## **RESPONSES TO JURISDICTION AND VENUE ALLEGATIONS**

8. Defendants admit that Plaintiffs purport to assert claims under 15 U.S.C. §§78j(b) and 78t(a). and 17 C.F.R. §240.10b-5. Defendants deny that the claims are meritorious.

9.    Defendants admit the Court has subject-matter jurisdiction over the purported federal securities claims asserted in this matter.

10.    Defendants admit that venue is proper in this Court, but deny the remaining allegations in this paragraph.

11.    Defendants admit that Plaintiffs purport to assert claims relating to interstate commerce, but deny that Plaintiffs' claims have merit and otherwise deny the allegations in this paragraph.

## RESPONSES TO ALLEGATIONS ABOUT IDENTITY OF PARTIES

12.    Defendants lack information sufficient to admit or deny the allegation regarding Plaintiff Crutchfield's purported purchase of Match Group securities and, to the extent any further response is required, deny that allegation.  Defendants deny the remaining allegations in this paragraph.

13.    Defendants lack information sufficient to admit or deny the allegation regarding Plaintiff Benouis's purported purchase of Match Group securities and, to the extent any further response is required, deny that allegation.  Defendants deny the remaining allegations in this paragraph.

14.    Defendants admit that Match Group is a Delaware corporation, has its principal executive offices located in Dallas, trades on NASDAQ under the symbol "MTCH," was a majority-owned, publicly traded subsidiary of IAC/InterActiveCorp. ("IAC") during the alleged class period, and at times has listed multiple analysts on its corporate website who follow Match Group's stock.  Defendants deny the remaining allegations in this paragraph.

15.    Defendants admit that Ginsberg was appointed Chief Executive Officer of Match Group effective January 1, 2018, and that she resigned from that position on January 28, 2020

- 4 -

(effective March 1, 2020) for health reasons.  Defendants deny the remaining allegations in this paragraph.

16.    Defendants admit that Swidler served as Chief Financial Officer of Match Group throughout the alleged class period, and that Swidler has also served as Chief Operating Officer of Match Group since March 1, 2020.  Defendants deny the remaining allegations in this paragraph.

17.    Defendants admit that the Complaint purports to refer to Ginsberg and Swidler as the "Individual Defendants," but deny that they are liable for any claims.

18.    Defendants deny the allegations in this paragraph.

### RESPONSES TO PURPORTED "CONFIDENTIAL WITNESS" ALLEGATIONS

19.    Defendants deny the allegations in this paragraph.

20.    Defendants object that Plaintiffs' use of the code name "CW1" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations.  To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

21.    Defendants object that Plaintiffs' use of the code name "CW2" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations.  To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

22.    Defendants object that Plaintiffs' use of the code name "CW3" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations.  To the extent any further response is required, because Plaintiffs have failed to provide

fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

23.     Defendants object that Plaintiffs' use of the code name "CW4" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

24.     Defendants object that Plaintiffs' use of the code name "CW5" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

25.     Defendants object that Plaintiffs' use of the code name "CW6" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

26.     Defendants object that Plaintiffs' use of the code name "CW7" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

27.    Defendants object that Plaintiffs' use of the code name "CW8" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

28.    Defendants object that Plaintiffs' use of the code name "CW9" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

29.    Defendants object that Plaintiffs' use of the code name "CW10" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

30.    Defendants object that Plaintiffs' use of the code name "CW11" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

31.    Defendants object that Plaintiffs' use of the code name "CW12" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide

fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

32.    Defendants object that Plaintiffs' use of the code name "CW13" does not provide Defendants fair notice regarding the identity of the alleged witness or the substance of their allegations. To the extent any further response is required, because Plaintiffs have failed to provide fair notice, Defendants lack information sufficient to admit or deny the allegations in this paragraph and, to the extent any further response is required, deny the allegations in this paragraph.

### RESPONSES TO "SUBSTANTIVE ALLEGATIONS" SECTION

33.    Defendants admit that Match Group is a holding company with subsidiaries that offer subscription dating products servicing North America, Western Europe, Asia, and many other regions around the world. Defendants further admit that these products include Match.com and other branded websites and apps intended to help users find meaningful personal and romantic connections. Defendants also admit that subscription fees account for a portion of Match Group's revenue, and that subscribers pay in advance for premium features on the branded websites and apps, primarily by credit card or through mobile app stores. Defendants further admit that revenue is also earned from online advertising, the purchase of à la carte features, and offline events. Defendants also admit that multiple Match Group brands employ a "freemium" model, which permits basic registration and functionality for free, but charges a paid premium for advanced access and features. Defendants deny the remaining allegations in this paragraph.

34.    Defendants admit that the branded websites and apps operated by subsidiaries of Match Group are available in at least 42 languages, are offered in at least 190 countries, and include the brands listed below:

- *Match.com.*  Defendants admit that Match.com was launched in 1995 and allows subscribers to search profiles, receive algorithmic matches, and attend live events. Defendants further admit that Match.com focuses on users with a higher level of intent to enter into a serious relationship, that its product and marketing are designed to reinforce that purpose, and that it relies on various marketing strategies to attract subscribers and generates revenue through paid subscribers and online advertising.  Defendants deny the remaining allegations in the Match.com bullet point.

- *Tinder.*  Defendants admit that Tinder was launched in 2012 and has since risen to scale and popularity faster than any other product in the online dating category with limited marketing spend.  Defendants admit the allegations in the second sentence of the Tinder bullet point.  Defendants also admit that to access premium features, Tinder users must purchase a subscription to one of Tinder's premium options or, for certain features, purchase them on an à la carte basis.  Defendants deny the remaining allegations in the Tinder bullet point.

- *PlentyOfFish.*  Defendants admit that PlentyOfFish was launched in 2003, uses a freemium model that requires users to purchase subscriptions to access premium features (or, for certain features, to purchase them on an à la carte basis), allows subscribers to search profiles and receive algorithmic matches, and has limited marketing spend.  Defendants deny the remaining allegations in the PlentyofFish bullet point.

- *Meetic.*  Defendants admit that Meetic is a European online dating brand, was founded in 2001, is focused on users with a higher level of intent to enter a

relationship, and allows subscribers to search profiles, receive algorithmic matches, and attend live events.  Defendants deny the remaining allegations in the Meetic bullet point.

- *OkCupid.*  Defendants admit that OkCupid was launched in 2004, has grown in popularity, uses a freemium model, and has attracted users through a Q&A approach to the online dating category.  Defendants deny the remaining allegations in the OkCupid bullet point.

- *Pairs.*  Defendants admit that Pairs was launched in 2012 and is a leading provider of dating products in Japan, with a strong presence in Taiwan and a growing presence in other Asian countries.  Defendants further admit that the Pairs dating app was specifically designed to address social barriers generally associated with the use of dating products in Eastern Asian countries, particularly Japan.  Defendants deny the remaining allegations in the Pairs bullet point.

To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 34.

35.    Defendants admit that Match Group brands generally allow users to establish profiles and to review other users' profiles without charge, with some variations in the degree of access.  Defendants also admit that each brand offers some features that are free and some that require payment.  Defendants further admit that subscriptions are offered in varying lengths and at varying prices depending on the brand, the features that are purchased, whether the subscriber takes advantage of a special offer, and other factors.  Defendants also admit that certain Match Group apps allow users to access certain premium features on a pay-per-use or à la carte basis, and

that the precise mix of paid and premium features is established over time on a brand-by-brand basis. Defendants deny the remaining allegations in this paragraph.

36. Defendants admit that a portion of Match Group's revenue is derived from subscriptions, which may provide unlimited access to a bundle of features for a specific time period, as well as from à la carte features, where users pay a non-recurring fee for a specific action or event. Defendants also admit that each of the websites and apps operated by Match Group's subsidiaries offers a combination of free and paid features to its users. Defendants also admit that in addition to direct revenue from the users, Match Group receives indirect revenue from online advertising that makes up a smaller percentage of its overall revenue. Defendants further admit that, like most businesses, Match Group and its subsidiaries pursue lawful strategies to increase revenue and profits. Defendants deny the remaining allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants deny the remaining allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that each brand had policies and procedures in place intended to

combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

41.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that each brand had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

42.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that each brand had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

43.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To

the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that each brand had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

44. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that each brand had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

45. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that each brand had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts

that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

46.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

47.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

48.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match

Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

49.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

50.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. Defendants also admit that some of the

persons attempting to misuse Match Group apps attempted to evade detection. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

51.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

52.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

53.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match

- 16 -

Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

54.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

55.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts

that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

56. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

57. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

58. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match

Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. Defendants also admit that screens existed in certain locations at Match Group's headquarters, but otherwise deny Plaintiffs' allegations regarding the screens, including Plaintiffs' characterization of the data and information purportedly displayed on any such screens. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

59.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that screens existed in certain locations at Match Group's headquarters, but otherwise deny Plaintiffs' allegations regarding the screens, including Plaintiffs' characterization of the data and information purportedly displayed on any such screens. To the extent any further response is required, Defendants deny the allegations in this paragraph.

60.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts

- 19 -

that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

61.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

62.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  Defendants also admit that some of the persons attempting to misuse Match Group apps attempted to evade detection.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

63.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  Defendants also admit that some of the persons attempting to misuse Match Group apps attempted to evade detection.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

64.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  Defendants also admit that screens existed in certain locations at Match Group's headquarters, but otherwise deny Plaintiffs' allegations regarding the screens, including Plaintiffs' characterization of the data and information purportedly displayed on any such screens.  To the

extent any further response is required, Defendants deny the remaining allegations in this paragraph.

65.     Defendants admit that Match.com implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to procedures intended to prevent registered sex offenders from subscribing and reporting systems allowing members to report improper behavior. Defendants further admit that Match.com's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Match.com undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

66.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Match.com implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to procedures intended to prevent registered sex offenders from subscribing and reporting systems allowing members to report improper behavior. Defendants further admit that Match.com's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Match.com undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

67.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Match.com implemented

procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to procedures intended to prevent registered sex offenders from subscribing and reporting systems allowing members to report improper behavior. Defendants further admit that Match.com's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Match.com undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

68.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Match.com implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to procedures intended to prevent registered sex offenders from subscribing and reporting systems allowing members to report improper behavior. Defendants further admit that Match.com's Terms of Use Agreement apprised users regarding the risks of persons with criminal convictions accessing the app and made clear that Match.com undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

69.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Tinder implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that Tinder's Terms of Use Agreement apprised users regarding the risks of sex

offenders accessing the app and made clear that Tinder undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

70. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Tinder implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that Tinder's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Tinder undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

71. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Tinder implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that Tinder's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Tinder undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

72. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To

the extent any further response is required, Defendants admit that Tinder implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that Tinder's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Tinder undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

73.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that Tinder implemented procedures to protect users from sex offenders and other persons attempting to misuse the app, including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that Tinder's Terms of Use Agreement apprised users regarding the risks of sex offenders accessing the app and made clear that Tinder undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

74.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

75.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

76.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that Match.com implemented procedures to protect users from persons attempting to misuse the app, including but not limited to dedicated teams and reporting systems allowing members to report improper behavior.  Defendants deny the remaining allegations in this paragraph.

77.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

78.    Defendants deny the allegations in this paragraph.

79.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, at certain times, Match.com offered certain users a "match guarantee" program, and that the terms of this program were fully and accurately disclosed to users.  Defendants deny the remaining allegations in this paragraph.

80.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, at certain times, Match.com offered certain users a "match guarantee" program, and that the terms of this program were fully and accurately disclosed to users.  Defendants deny the remaining allegations in this paragraph.

81.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

82.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

83.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

84.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

85.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

86.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

87.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

88.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

89.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

90.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

91.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

92.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

93.     Defendants deny the allegations in this paragraph.

94.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

95.     Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

96.     Defendants deny the allegations in this paragraph.

97.     Defendants deny the allegations in this paragraph.

98. Defendants admit that Match Group issued the press release and Form 8-K referenced in this paragraph. Those documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote these documents.

99. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

100. Defendants admit that Match Group held the investor call referenced in this paragraph. The transcript of the call speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

101. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

102. Defendants admit that the *Wall Street Journal*'s website published the video referenced in this paragraph. The video speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the video.

103. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

104. Defendants admit that the *Wall Street Journal* published the article referenced in this paragraph. The article speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the article (and to the extent the allegations mischaracterize or misquote what Defendant Ginsberg said in the interview).

105. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

106. Defendants admit that Match Group issued the press release and Form 8-K referenced in this paragraph. The documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the documents.

107. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

108. Defendants admit that Yahoo! Finance published the article referenced in this paragraph. The article speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the article.

109. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

110. Defendants admit that Match Group held the investor call referenced in this paragraph. The transcript of the call speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

111. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

112. Defendants admit that CNBC broadcast the video interview referenced in this paragraph. The video speaks for itself. Defendants deny the allegations in this paragraph to the

extent they mischaracterize or misquote what was said in the interview.  Defendants deny the remaining allegations in this paragraph.

113.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

114.    Defendants admit that Match Group issued the press release and Form 8-K referenced in this paragraph.  The documents speak for themselves.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the documents.

115.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

116.    Defendants admit that Match Group held the investor call referenced in this paragraph.  The transcript of the call speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

117.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

118.    Defendants admit that CNBC broadcast the interview referenced in this paragraph. The interview speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said in the interview.

119.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

120.    Defendants admit that Yahoo! Finance broadcast the video interview referenced in this paragraph.  The interview speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said in the interview.

121.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

122.    Defendants admit that the *Harvard Business Review* published the article referenced in this paragraph.  The article speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the article.

123.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

124.    Defendants admit that Match Group issued the press release and Form 8-K referenced in this paragraph.  The documents speak for themselves.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the documents.

125.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

126.    Defendants admit that Match Group held the investor call referenced in this paragraph.  The transcript of the call speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

127. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

128. Defendants admit that Swidler attended the conference referenced in this paragraph. The transcript of the conference speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said at the conference.

129. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

130. Defendants admit that Match Group issued the press release referenced in this paragraph. The press release speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the press release.

131. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

132. Defendants admit that Match Group issued the press release and Form 8-K referenced in this paragraph. The documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the documents.

133. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

134.    Defendants admit that Match Group held the investor call referenced in this paragraph.  The transcript of the call speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

135.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

136.    Defendants deny the allegations in this paragraph.

137.    Defendants admit that Match Group filed the Form 10-Q referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

138.    Defendants admit that Match Group filed the Form 10-K referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

139.    Defendants admit that Match Group filed the Form 10-Q referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

140.    Defendants admit that Match Group filed the Form 10-Q referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

141.    Defendants admit that Match Group filed the Form 10-Q referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

142.    Defendants deny the allegations in this paragraph.

- 34 -

143.    Defendants deny the allegations in this paragraph.

144.    Defendants admit that Match Group filed the Form 10-K referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

145.    Defendants deny the allegations in this paragraph.

146.    Defendants admit that Match Group filed the Form 10-Q referenced in this paragraph.  The document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the document.

147.    Defendants deny the allegations in this paragraph.

148.    Defendants object to the phrase "leaked to investors" as vague and ambiguous. Subject to and without waiving this objection, to the extent any further response is required, Defendants deny the allegations in this paragraph.

149.    Defendants admit the FTC issued a press release on September 25, 2019 regarding the lawsuit it filed against Match.com.  The press release speaks for itself.  Defendants deny that the FTC's claims are meritorious and otherwise deny the allegations in this paragraph.

150.    Defendants deny the allegations in this paragraph.

151.    Defendants admit that Match Group held the investor call referenced in this paragraph.  The transcript of the call speaks for itself.  Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote what was said on the call.

152.    Defendants deny the allegations in this paragraph.

153.    Defendants admit that Columbia Journalism Investigations published the article referenced in this paragraph.  The article speaks for itself.  Defendants deny the allegations in this paragraph to the extent they misstate the contents of the article.  Defendants further deny that any

Match Group apps made any misrepresentations regarding the ability of registered sex offenders or other persons with criminal backgrounds to access the site. Defendants deny the remaining allegations in this paragraph.

154. Defendants deny the allegations in this paragraph.

155. Defendants deny the allegations in this paragraph.

156. Defendants admit that the House Committee on Oversight and Reform's Subcommittee on Economic and Consumer Policy issued the press release referenced in this paragraph. The press release speaks for itself. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the press release. Defendants further deny that any Match Group apps made any misrepresentations regarding the ability of registered sex offenders or other persons with criminal backgrounds to access the site. Defendants deny the remaining allegations in this paragraph.

157. Defendants admit that the House Committee on Oversight and Reform's Subcommittee on Economic and Consumer Policy issued the press release and letter referenced in this paragraph. The press release and letter speak for themselves. Defendants deny the allegations in this paragraph to the extent they mischaracterize or misquote the press release and letter. Defendants further deny that any Match Group apps made any misrepresentations regarding the ability of registered sex offenders or other persons with criminal backgrounds to access the site. Defendants deny the remaining allegations in this paragraph.

158. Defendants deny the allegations in this paragraph.

159. Defendants deny the allegations in this paragraph.

160. Defendants admit that in February 2020, certain members of the U.S. House Energy and Commerce Committee sent a letter to Match Group. The letter speaks for itself. Defendants

deny the allegations in this paragraph to the extent they misquote or mischaracterize the letter. Defendants admit that the FTC lawsuit referenced in this paragraph has been stayed. Defendants deny the remaining allegations in this paragraph.

161. Defendants deny the allegations in this paragraph.

162. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

163. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

164. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

165. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants deny the allegations in this paragraph.

166. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including

but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. Defendants also admit that, as stated by the purported confidential witnesses, some of the persons attempting to misuse Match Group apps attempted to evade detection. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

167.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. Defendants also admit that, as stated by the purported confidential witnesses, some of the persons attempting to misuse Match Group apps attempted to evade detection. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

168.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs. Defendants also admit that

the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  Defendants also admit that some of the persons attempting to misuse Match Group apps attempted to evade detection.  Defendants also admit that screens existed in certain locations at Match Group's headquarters, but otherwise deny Plaintiffs' allegations regarding the screens, including Plaintiffs' characterization of the data and information purportedly displayed on any such screens.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

169.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes, including through the use of automated software programs.  Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed.  To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

170.    Defendants deny the allegations in this paragraph.

171.    Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations.  To the extent any further response is required, Defendants admit that Match Group apps implemented procedures to protect users from sex offenders and other persons attempting to misuse the apps,

including but not limited to reporting systems allowing members to report improper behavior. Defendants further admit that the Terms of Use Agreement for Match Group apps apprised users regarding the risks of sex offenders accessing the app and made clear that the apps undertook no obligation to conduct criminal background checks of its users. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

172. Defendants deny the allegations in this paragraph.

173. Defendants object that Plaintiffs' use of code names does not provide Defendants fair notice regarding the identity of the alleged witnesses or the substance of their allegations. To the extent any further response is required, Defendants admit that, as expressly disclosed in Match Group's SEC filings during the alleged class period, the branded websites and apps operated by Match Group's subsidiaries faced challenges from persons attempting to use the apps for improper purposes. Defendants also admit that the brands had policies and procedures in place intended to combat misuse of the apps, including but not limited to dedicated teams, and that most accounts that sought to misuse the service were quickly removed. Defendants also admit that some of the persons attempting to misuse Match Group apps attempted to evade detection. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

174. Defendants deny the allegations in this paragraph.

175. Defendants admit that Ginsberg's and Swidler's transactions in Match Group securities are reflected in public Form 4 filings with the SEC. Those filings speak for themselves. Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize these filings. Defendants deny all remaining allegations in this paragraph and its subparts, including but not limited to the allegation that Defendants acted with scienter, traded based on material nonpublic information, or obtained any improper financial gains.

176. Defendants deny the allegations in this paragraph.

177. Defendants deny the allegations in this paragraph.

178. Defendants deny the allegations in this paragraph.

179. Defendants deny the allegations in this paragraph.

180. Defendants deny the allegations in this paragraph.

181. Defendants deny the allegations in this paragraph.

182. Defendants admit that Match Group filed the Form 8-K referenced in this paragraph, which speaks for itself, but deny the remaining allegations in this paragraph.

183. Defendants admit that Match Group filed the Form 8-K referenced in this paragraph, which speaks for itself, but deny the remaining allegations in this paragraph.

184. Defendants admit that Match Group filed the Form 8-K referenced in this paragraph, which speaks for itself, but deny the remaining allegations in this paragraph.

185. Defendants admit that Match Group filed the Form 8-K referenced in this paragraph, which speaks for itself, but deny the remaining allegations in this paragraph.

186. Defendants admit that Elie Seidman resigned as CEO of Tinder effective August 3, 2020. Defendants deny the remaining allegations in this paragraph.

187. Defendants deny the allegations in this paragraph.

188. Defendants deny the allegations in this paragraph.

189. Defendants deny the allegations in this paragraph.

190. The first sentence in this paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit they are subject to certain obligations under the federal securities laws but otherwise deny the allegations in this sentence. Defendants deny the allegations in the second sentence of this paragraph.

191.   The first sentence in this paragraph states legal conclusions that do not require a response.   To the extent any further response is required, Defendants admit they are subject to certain obligations under the federal securities laws but otherwise deny the allegations in this sentence.   Defendants deny the allegations in the second sentence of this paragraph.

192.   Defendants deny the allegations in this paragraph.

193.   Defendants admit that Match Group maintained a Code of Business Conduct and Ethics (the "Code") on its website.   The Code speaks for itself.   Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize the Code and deny all remaining allegations in this paragraph.

194.   Defendants admit that this paragraph purports to quote from the Code.   Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize the Code, which speaks for itself.

195.   Defendants admit that this paragraph purports to quote from the Code.   Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize the Code, which speaks for itself.

196.   Defendants admit that this paragraph purports to quote from the Code.   Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize the Code, which speaks for itself, and deny all remaining allegations in this paragraph.

197.   Defendants admit that this paragraph purports to quote from various Match Group Form 10-K filings previously referenced in the Complaint.   These filings speak for themselves. Defendants deny the allegations in this paragraph to the extent they are inconsistent with or mischaracterize or mischaracterize the Form 10-K filings and deny all remaining allegations in this paragraph.

198.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

199.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

200.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

201.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

202.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

203.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

204.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

205.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

206.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

207.     This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants admit that Match Group stock traded on NASDAQ, that multiple shares traded each day, that Match Group filed periodic financial statements with the SEC, and that Match Group was followed by one or more stock analysts.  Defendants deny the remaining allegations in this paragraph.

208.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

209.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

## RESPONSE TO CLASS ACTION ALLEGATIONS

210.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants admit Plaintiffs purport to bring this case as a class action based on the purported definition in this paragraph, but deny that the case has merit or is properly certified as a class action.

211.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants admit Plaintiffs purport to bring this case as a class action subject to the exclusions set forth in this paragraph, but deny that the case has merit or is properly certified as a class action.

212.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants admit that there are numerous individuals and entities who have traded Match Group stock during the alleged class period.  Defendants otherwise deny the allegations in this paragraph.

213.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

214.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

215.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

216.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

217.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

## RESPONSE TO CLAIMS FOR RELIEF

### COUNT I

218.    This paragraph merely reincorporates all prior paragraphs, including legal conclusions that do not require a response. To the extent any further response is required, Defendants object to and deny the allegations in this paragraph to the same extent they have objected to and denied the allegations in the purportedly incorporated paragraphs. To the extent any further response is required, Defendants deny the allegations in this paragraph.

219.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that Plaintiffs purport to assert claims under 15 U.S.C. §§78j(b) and 78t(a) and 17 C.F.R. §240.10b-5. Defendants deny that the claims are meritorious.

220.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

221.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

222.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

223.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

224.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

225.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

226.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

227.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

228.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

## COUNT II

229.    This paragraph merely reincorporates all prior paragraphs, including legal conclusions that do not require a response.  To the extent any further response is required, Defendants object to and deny the allegations in this paragraph to the same extent they have objected to and denied the allegations in the purportedly incorporated paragraphs.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

230.    This paragraph states legal conclusions that do not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

231.    This paragraph asserts legal conclusions that require no response.  To the extent any further response is required, Defendants admit they have duties specified in the federal securities laws with respect to dissemination of public statements, but deny the allegations in this

paragraph to the extent they are inconsistent with or mischaracterize the duties imposed by law. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

232.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

233.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

234.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to certify a class or to obtain any relief in this matter, including but not limited to any relief specified in Plaintiffs' Prayer for Relief and all paragraphs and subparagraphs thereof.

## JURY DEMAND

This Paragraph states legal conclusions and does not contain any material allegations concerning Defendants, and therefore no response is required.

## DEFENSES

As additional defenses, Defendants allege, assert, and aver the following defenses, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable. By virtue of alleging these defenses, Defendants do not assume the burden of proof or persuasion where such burden is not otherwise legally assigned to them. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action. Defendants reserve the right to raise additional

defenses and to amend, supplement, or otherwise modify those asserted herein upon further analysis and discovery of further information regarding Plaintiffs' claims.

## FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA") by not pleading particularized facts showing that Defendants made material misstatements or omissions, by failing to identify all facts on which Plaintiffs' information and belief allegations are based, by failing to plead particularized facts supporting a strong inference of scienter, and by failing to allege sufficient facts showing loss causation.

## THIRD DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable by the "bespeaks caution" doctrine and the PSLRA safe harbor.

**FOURTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements were forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading, so as to be rendered non-actionable under the safe harbor provisions of the PSLRA.

**FIFTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have not sustained any cognizable injury.

**SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not false or misleading.

**SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not material.

**EIGHTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiffs and putative class members to disclose information allegedly omitted from the statements at issue in this case.

## NINTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the supposedly omitted or misrepresented facts were publicly disclosed, either by Defendants or others, and/or would be facts obvious to or knowable by a reasonable investor.

## TENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent the supposedly omitted or misrepresented facts were actually known to Plaintiffs or other putative class members.

## ELEVENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Ginsberg and Swidler acted at all times in good faith and without scienter, and neither knew nor were reckless in not knowing that any alleged misstatements at issue in this case were false or misleading.

## TWELFTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they purchased shares of Match Group stock with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their shares would decline if those risks materialized.

## THIRTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they did not reasonably rely on any allegedly false or misleading statements of material fact when they purchased shares of Match Group stock, and the "fraud-on-the-market" presumption of reliance is unavailable.

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent they did not rely on the market price of Match Group stock in making their investment decisions, and to the extent that the market price of Match Group stock was not impacted as a result of any alleged misrepresentation or omission made by Defendants, such that the "fraud-on-the-market" presumption of reliance is unavailable.

## FIFTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they did not rely solely on public information or the integrity of the market when purchasing Match Group stock.

## SIXTEENTH DEFENSE

Plaintiffs and any members of the class that Plaintiffs purport to represent may not recover for the statements allegedly made by securities analysts and/or journalists, or to the extent interviews or statements by Defendants were shown or excerpted out of context.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because there is no loss causation.  Any damages or injuries allegedly suffered by Plaintiffs or putative class members were not legally caused by any act or omission by Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because of the lack of transaction causation.

- 51 -

**NINETEENTH DEFENSE**

Plaintiffs' claims predicated on statements of opinion or belief fail because Plaintiffs cannot prove that those statements were objectively false when made and that each statement misrepresented the speaker's subjective opinion or belief or that material information was omitted that Defendants were required to disclose to make the statements not misleading.

**TWENTIETH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they would have acquired Match Group stock, even if they had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Plaintiffs propose to assert liability.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, by the doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' recovery is barred, in whole or in part, for lack of standing.

**TWENTY-FIFTH DEFENSE**

The Individual Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and/or did not directly or indirectly induce, or culpably participate in, any of the alleged acts purportedly in violation of the Exchange Act.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not employ any devices, schemes, or artifices to defraud, or engage in any acts or practices which operated as a fraud or deceit upon Plaintiffs or any other persons.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged damages, if any, are nonexistent, speculative, and/or are impossible to ascertain.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs are not entitled to class certification under Federal Rule of Civil Procedure 23.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent (as well as any arguments that Plaintiffs are entitled to certify a class) are barred, in

whole or in part, based on the absence of price impact and the severance of the link between the alleged misstatements or omissions and the purported stock price inflation or decline.

## THIRTIETH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the harm they allegedly suffered, if any, was caused by factors, persons, or entities other than Defendants, over which Defendants had no control or responsibility.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the claims asserted in the Complaint are premised on allegations by purported "confidential witnesses" who would not in fact testify to the statements attributed to them in the Complaint and/or who were not correctly described or quoted in the Complaint.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the claims asserted in the Complaint are premised on allegations by purported "confidential witnesses" for which Plaintiffs failed to provide fair notice of their identity.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(1)     Enter judgment for Defendants dismissing the Complaint;

(2)     Award Defendants costs and expenses incurred in defending this action; and

(3)     Grant Defendants such other and further relief as the Court deems just and proper.,

Dated: December 10, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP
/s/ *Peter A. Stokes*
Robert L. Greeson
State Bar No. 24045979
robert.greeson@nortonrosefulbright.com
Veronica P. Kendrick
State Bar No. 24103528
veronica.kendrick@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7921
Telephone: (214) 855-8000

Gerard G. Pecht
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on December 10, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*
Peter A. Stokes