# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, | § | |
| Individually and on Behalf of All Others | § | |
| Similarly Situated | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2356-S |
| | § | |
| MATCH GROUP, INC., AMANDA W. | § | |
| GINSBERG, and GARY SWIDLER | § | |

## PROTECTIVE ORDER

The Court **GRANTS** the parties' Stipulation and [Proposed] Protective Order [ECF No. 76] and **ORDERS** as follows:

It is hereby stipulated and agreed, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that this Stipulation and Protective Order ("Stipulation and Order") governs the disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials"). The provisions of this Stipulation and Order shall become effective upon entry by the Court; however, all material produced and designated as "Confidential" before the Court enters this Order shall be subject to, and governed by, the provisions of this Stipulation and Order as though it had been entered by the Court before such designation.

1. A party, person, or entity that produces or discloses Discovery Materials in connection with this Action is referred to herein as the "Disclosing Party."

2. A party, person, or entity that receives Discovery Materials in connection with this Action is referred to herein as the "Receiving Party."

3. All Discovery Materials produced or disclosed in connection with this Action may be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

4. Any Disclosing Party may, subject to this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably, and in good faith, believes contains: (1) any non-public trade secrets or other confidential research, development, or commercial information that may be subject to a protective order pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; (2) information implicating an individual's legitimate expectation of privacy; (3) information related to the Disclosing Party's contractual relationships; (4) information that is subject, by law or by contract, to a legally protected right of privacy or confidentiality; (5) information that the Disclosing Party is under a preexisting obligation to a non-party to treat as confidential; (6) sensitive, non-public personal information concerning individuals or entities, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, and medical information.

5. "Confidential-Attorney's Eyes Only" means Confidential Discovery Material information that the Disclosing Party reasonably and in good faith believes (or with respect to documents received from another person, has been reasonably advised by such other person) contains or comprises (1) personal financial account information; (2) social security numbers, bank account numbers, credit card numbers, home telephone numbers and addresses, tax returns, medical information or other sensitive personal information; (3)

2

any party's securities investments, investment strategies or guidelines, and/or investment manager contracts or retention terms; or (4) information that is so highly sensitive that its disclosure to persons other than those listed in paragraph 13 could result in significant competitive or commercial disadvantage to the Disclosing Party.  Provided, however, that when the basis for a "Confidential-Attorney's Eyes Only" designation is a belief or request by a third- or non-party, the identity of that third- or non-party and the basis for that belief or request will be conveyed to the recipients of Confidential Discovery Material.  In addition, the Disclosing Party may, at any time, seek agreement or move the Court for a further order that additional, specific documents may be produced on a "Confidential-Attorney's Eyes Only" basis.  If the Disclosing Party moves for such an order, any objecting person may file a response opposing the motion in accordance with Local Rule 7.1.

6. Discovery Material designated as "Confidential" and "Confidential-Attorney's Eyes Only" is referred to herein as "Confidential Discovery Material."  No designation of Confidential Discovery Materials will be effective unless there is placed or affixed on each page of the material (in a manner that will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent, or, in the case of depositions, as set forth in paragraph 12 below. Such markings should not obscure the content of the material that is produced.  Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Disclosing Party may designate material as "Confidential" by informing any Receiving Party, in writing in a clear and conspicuous manner, at the time of production of such material, that such material is designated as "Confidential."  ESI designated as "Confidential" must be so designated by including this

notice in the body of the electronic document or by affixing a stamp with this notice on the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the electronic data is stored before copies are delivered to a Receiving Party.  A Disclosing Party producing native file documents may also designate such native files as "Confidential" by including such designation in the production file name of the native file, for example, "ABC_00000001_CONFIDENTIAL.xlsx."  Print-outs of any ESI designated as Confidential Discovery Material must be treated as "Confidential" in accordance with this Stipulation and Order.

7.  All Discovery Materials, including Confidential Discovery Material, shall be used by persons who receive such material, including persons who do not directly receive materials from the Disclosing Party, solely for the purposes of the preparation, trial, and appeal of this Action, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

8.  The designation of any Discovery Material as "Confidential" is not an admission by the Disclosing Party that the Discovery Material is relevant, not subject to an applicable privilege or protection, or admissible.  The designation of any Discovery Material as "Confidential" is also not an admission by the Disclosing Party that the Discovery Material is proportional to the needs of the case, considering the importance of the issues at stake in the Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.  This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest any claim of privilege or protection.

10. The inadvertent production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no party waives any claims or arguments under the inadvertent-production doctrine. If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party will promptly notify each Receiving Party in writing of the inadvertent production. After receipt of this notice, a party or third party bound by the terms of this Order to whom the Privileged Material was produced must: stop reading the Privileged Material; promptly return, sequester, or destroy the Privileged Material and any copies it has; must not use or disclose the information until the claim of privilege or protection is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may notify the Disclosing Party in writing whether it objects to the designation of the material as privileged or protected. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Within seven (7) calendar days of the receipt of an objection, the objecting party and the Disclosing Party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or

protected.  If the parties cannot resolve their disagreement, the Disclosing Party may promptly present the information to the Court, under seal, for a determination of the Disclosing Party's claim of privilege or protection.  While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court rules.  If the Court determines that the material is privileged or protected, the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it.  If the Receiving Party does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within 15 calendar days from the receipt of the Disclosing Party's notice by the Receiving Party (regardless of whether the parties met and conferred on the subject), the Discovery Material in question will be deemed privileged or protected, in which case the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it.  The Disclosing Party has the burden of showing that the Discovery Material at issue is privileged or protected.  Nothing in this Stipulation and Order prevents any party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

11. If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as "Confidential," the Disclosing Party must inform the Receiving Party of the inadvertent disclosure within 14 days of its discovery.  The Receiving Party must thereafter treat the information as Confidential Discovery Material.  To the extent the

6

information was disclosed by the Receiving Party to anyone not authorized to receive Confidential Discovery Material, the Receiving Party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive Confidential Discovery Material.  The Disclosing Party's failure to advise the Receiving Party of the inadvertent disclosure within 14 days after discovery is not a waiver or admission by the Disclosing Party that the information is not confidential and may be corrected by supplemental written notice.  Any party receiving such notice shall thereafter treat such materials as "Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated.  The Receiving Party shall make its best efforts to ensure that all copies lacking the designation have been modified to include the inadvertently omitted designation, returned or, in the case of documents bearing notes or other interlineations reflecting the work product of counsel representing such Receiving Party, destroyed.

12. A Disclosing Party may, on the record of a deposition, or within 14 days after receipt of the transcript of the deposition, designate any portion or portions of the deposition as "Confidential" under this Stipulation and Order.  Until this time period expires without any designation having been made, the entire deposition transcript must be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party.  Any party may mark Confidential Discovery Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 13 of this Order and the exhibits and related transcript pages receive the same confidentiality designation as the original Confidential Discovery Material.  All copies of deposition transcripts that contain material designated as Confidential Discovery Material

must be prominently marked "Confidential" on their covers.  If any party objects to the designation of Confidential Discovery Material under this paragraph, the objecting party must notify the Disclosing Party of such objection in writing.  If the Disclosing Party refuses to de-designate Confidential Discovery Material, further objections may be lodged with the Court, and those objections are governed by paragraph 19 below and Local Rule 7.1.

13. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material may not be disclosed, summarized, or otherwise made available to anyone except the following persons:

    a) the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

    b) the parties' in-house and outside counsel participating in the prosecution and defense of this Action and their legal, clerical, or support staff, including temporary or contract staff;

    c) the named parties in this Action (including past or present officers, directors, and employees of the named parties, and executives, representatives, or affiliates of the named parties who are required to participate in decisions with reference to this Action) (except for Discovery Material that is designated Confidential-Attorney's Eyes Only, which may not be provided to the persons described in this paragraph without prior written consent of the Designating Party);

    d) professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

8

e) persons who are indicated in Confidential Discovery Material or associated metadata to have been authors or recipients (including, but not limited to, "bcc" recipients) of Confidential Discovery Material;

f) expert witnesses or consultants who are employed or retained by a party in connection with the prosecution or defense of this Action, if counsel, in good faith, requires their assistance in connection with this Action, and if any report created by the experts or consultants relying on or incorporating Confidential Discovery Material, in whole or in part, is designated as "Confidential" by the party responsible for its creation. Before Confidential Discovery Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A;

g) deponents and witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials;

h) outside photocopying services, data-processing services, graphic-production services, litigation support services, translators, jury consultants, individuals hired to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, investigators employed by the parties or their counsel to assist in this Action, and computer personnel performing duties in relation to a computerized litigation system;

i) any mediator or arbitrator engaged by the named parties to the Action; and

9

j) any other person upon order of the Court or stipulation of the named parties to the Action.

14. The terms "counsel," "expert," and "investigator" include their staff who are assigned to, and reasonably necessary to, assist the counsel, expert, or investigator in the preparation of this litigation.

15. All persons to whom Confidential Discovery Material is disclosed under subparagraphs 13(f), (g), or (j) as applicable above must, before disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Confidential Discovery Material is disclosed solely under subparagraph 11(f) must execute a certification evidencing their agreement to the terms of the Stipulation and Order in the form attached as Exhibit A.

16. A person having custody of Confidential Discovery Material shall maintain it in a manner that limits access to Confidential Discovery Material to persons permitted such access under this Order.

17. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, must promptly give written notice to the Disclosing Party and include with the notice a copy of the subpoena. The person to whom the subpoena is directed must also make reasonable, good-faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. In no event may Discovery Materials subject to this Stipulation and Order be produced by a person

receiving a subpoena without providing the Disclosing Party a reasonable opportunity to quash or object, absent a court order to do so.

18. All third- and non-parties subpoenaed in this Action shall be provided with a copy of this Protective Order along with the subpoena and can make "Confidential" designations as the Disclosing Party of such materials. Under these circumstances, Discovery Material designated "Confidential" by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all rights and obligations applicable to a Disclosing Party under this Stipulation and Order apply to a non-party designating Discovery Material "Confidential." All rights and obligations applicable to parties receiving Confidential Discovery Material from a party apply to any party receiving Confidential Discovery Material from a non-party

19. A party may seek to add "Confidential" designations to information produced by third- and non-parties without such designations by notifying both the producing person, and all other parties, of the claim of confidentiality. Under these circumstances, Discovery Material designated as "Confidential" by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all rights and obligations applicable to a Disclosing Party under this Stipulation and Order apply to a non-party designating Discovery Material as "Confidential." All rights and obligations applicable to parties receiving Confidential Discovery Material from a party apply to any party receiving Confidential Discovery Material from a non-party.

    a) If the material at issue with respect to which a given party seeks to add or alter confidentiality designations is that party's own document, meaning it was originally created or generated by that party, the producing person will have 15

days to re-produce the material in accordance with the procedures set forth in this Order. If the producing person refuses to re-designate the material, the party requesting the designation may move for an order from the Court imposing the designation. If the party requesting the designation moves for such an order, the producing person and any objecting party may file an opposition in accordance with Local Rule 7.1. The material shall be treated in accordance with the requested designation pending resolution of any dispute arising under this paragraph.

b) If the material at issue with respect to which a given party seeks to add or alter confidentiality designations is not that party's document, meaning it was originally created or generated by a person or entity other than that party, the producing person and all other parties will have 15 days to object to the requested designation, or more time, only upon a showing of good cause. If any objections are lodged, the party requesting the designation may move for an order from the Court imposing the designation. If the party requesting the designation moves for such an order, the objecting part(ies) may file an opposition(s) in accordance with Local Rule 7.1. The material shall be treated in accordance with the requested designation pending resolution of any dispute arising under this paragraph.

20. The parties will use reasonable care to avoid designating as Confidential Discovery Materials that do not need to be designated as such.

21. No party is obligated to challenge the propriety of a designation of Discovery Materials as "Confidential" when initially received, and a failure to do so will not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Materials as "Confidential" under this Stipulation and Order, the objecting party must notify the

12

Disclosing Party in writing.  Within seven (7) calendar days of the receipt of this notification, counsel for the Disclosing Party and the objecting party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as "Confidential."  If, for whatever reason, the parties do not resolve their disagreement within that time period, the Disclosing Party may apply to the Court within fourteen (14) calendar days from the date of receipt of the notification for a ruling on the Disclosing Party's designation of the Discovery Materials as "Confidential."  The Disclosing Party has the burden of showing that the document or information is Confidential.  While any application of this kind is pending, the documents or materials subject to that application must be treated as Confidential until the Court rules.  If the Disclosing Party does not apply to the Court for a ruling on its designation of Discovery Materials as Confidential within fourteen (14) calendar days from the date of receipt of the notification (regardless of whether the parties met and conferred on the subject), the Discovery Materials in question will no longer be deemed Confidential.  Nothing in this Stipulation and Order prevents any party from objecting to the designation of any documents as Confidential or from seeking further protection for any material it produces in discovery.

22. If counsel for any party or non-party determines to file in, or submit to, this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing the Confidential Discovery Material must be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this Action and which shall clearly bear the stamp "CONFIDENTIAL."  To the extent any Confidential Discovery Material is

13

filed electronically, the party filing the information must do so under seal and shall comply with all ECF requirements, Local Rules, and judicial procedures governing the filing of documents under seal.  All materials filed under seal will be available to the Court and to counsel for the parties for viewing and copying.  Filing a document under seal is without prejudice to any party's right to argue to the Court that the document is not confidential and need not be preserved under seal.  Redacted pages must be filed in the public record.

23. Filing pleadings or other papers disclosing or containing Confidential Discovery Material under seal does not waive the Confidential Discovery Material status of the material.  The Court will determine how Confidential Discovery Material will be treated during trial and other proceedings as the Court deems appropriate.

24. After the termination of the Action (including all appeals relating to the Action having been exhausted or the time to appeal having expired), this Stipulation and Order will continue to be binding upon the parties hereto and upon all persons to whom Confidential Discovery Material has been disclosed or communicated.

25. Unless otherwise ordered or agreed to in writing by the Disclosing Party, within 90 days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Receiving Party must make reasonable efforts to see that all Confidential Discovery Material and copies are either: (a) destroyed and the Receiving Party must provide the Disclosing Party with a certification stating that the Disclosing Party's Confidential Discovery Material has been destroyed, using commercially reasonable efforts; or (b) returned by the Receiving Party to the Disclosing Party.  To the extent any Confidential Discovery Material was provided by the Receiving Party to third parties under the terms of this Order, the Receiving Party must similarly ensure and certify

14

the return or destruction of that material. Notwithstanding this Provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports or attorney work product, as well as those materials containing Confidential Discovery Material that constitute counsel's work product or emails, which were served in the Action, filed with the Court, or marked as trial exhibits if counsel otherwise comply with this Stipulation and Order with respect to the retained material.

26. Each party must, through counsel, promptly advise the Disclosing Party of any losses or compromises of the confidentiality of the Confidential Discovery Material governed by this Stipulation and Order. The party that lost or compromised the Confidential Discovery Material of the Disclosing Party must take reasonable measures to limit the loss or unauthorized disclosure.

27. Nothing in this Stipulation and Order limits any Disclosing Party's use or disclosure of its own documents, materials, or information that has been designated as Confidential under this Stipulation and Order.

28. In addition, nothing in this Stipulation and Order prevents or in any way limits disclosure, use, or dissemination of any documents, information, or material that:

   a) was, is, or becomes public knowledge, not in breach of this Stipulation and Order; or

   b) is acquired by a party from a non-party having the right to disclose the documents, information or material, or is learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

29. If additional persons become parties to this Action, these parties may not have access to Confidential Discovery Material produced by, or obtained from, any Disclosing Party until the newly joined parties or their counsel endorse a copy of Exhibit A to this Stipulation and Order, files it with the Court, and delivers it to all parties.

30. This Stipulation and Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence, or use of any document, testimony, or other evidence at trial or a hearing.

31. This Stipulation and Order does not prevent any party from applying to the Court for further or additional protective orders or for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

32. Any dispute between the parties regarding this Stipulation and Order will be resolved by making an appropriate application to this Court in accordance with its Rules. All persons who have access to information or material designated as Protected Material under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

**SO ORDERED.**

SIGNED January 24, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

16

**STIPULATED AND AGREED**

Dated: January 21, 2022                    Respectfully submitted,


*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Matthew L. Tuccillo (admitted *pro hac vice*)
Jennifer B. Sobers (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com
         mltuccillo@pomlaw.com
         jbsobers@pomlaw.com

*Counsel for Samir Ali Cherif Benouis and*
*Co-Lead Counsel for the Class*

*/s/ Ex Kano S. Sams II*
Ex Kano S. Sams II

**GLANCY PRONGAY & MURRAY LLP**
Ex Kano S. Sams II (admitted *pro hac vice*)
Charles H. Linehan
*(pro hac vice* applications forthcoming)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  esams@glancylaw.com
         clinehan@glancylaw.com

*Counsel for Phillip R. Crutchfield and*
*Co-Lead Counsel for the Class*

*/s/ Joe Kendall*
Joe Kendall

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700

17

3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Local Counsel for the Class*

*/s/ Peretz Bronstein*
Peretz Bronstein

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein (*pro hac* forthcoming)
Eitan Kimelman (*pro hac* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com
eitank@bgandg.com

*Additional Counsel for the Class*

Dated: January 21, 2022                      */s/ Peter A. Stokes*

**NORTON ROSE FULBRIGHT US LLP**
Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201

Robert L. Greeson
State Bar No. 24045979
robert.greeson@nortonrosefullbright.com
Veronica P. Kendrick
State Bar No. 24103528

18

veronica.kendrick@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7921
Telephone: (214) 855-8000

*Counsel for Defendants*

# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PHILLIP R. CRUTCHFIELD, | § | |
| Individually and on Behalf of All Others | § | |
| Similarly Situated | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2356-S |
| | § | |
| MATCH GROUP, INC., AMANDA W. | § | |
| GINSBERG, and GARY SWIDLER | § | |

**Exhibit A**

## UNDERTAKING REGARDING STIPULATION AND PROTECTIVE ORDER

1. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the Action entitled *Crutchfield v. Match Group, Inc*., Civil Action No. 3:19-CV-2356 (KGS), have been designated as confidential.

2. I have received a copy of the Stipulation and Protective Order, entered on January 24, 2022 ("Stipulation and Order") in this Action.  I have read the Stipulation and Order and I understand its provisions.

3. I will comply with all of the provisions of the Stipulation and Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" that I receive in this Action, except as otherwise permitted under the Stipulation and Order.


Date: _____          By: _____

20